IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                     No. CR 05-484 JB

JUAN ENRIQUEZ FRIAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Renewed Motion to Find Defendant Incompetent, filed November 10, 2005 (Doc. 224). The primary issue is whether the Court should give the United States additional time to conduct an evaluation, declare Juan Enriquez Frias incompetent and commit him to BOP custody for a four month evaluation pursuant to 18 U.S.C. § 4241(d)(1), or set this matter for hearing on the substantive issue of Enriquez Frias' competency without allowing the United States additional time to conduct an evaluation. Because the United States has not used the time the Court gave it to conduct an evaluation at a Bureau of Prisons facility, the Court grants Enriquez Frias' motion in part and sets this matter for hearing on the substantive issue of his competency, without allowing the United States additional time to conduct a BOP evaluation; if the United States wishes to conduct a local evaluation in preparation for that hearing, the United States may do so.

## PROCEDURAL BACKGROUND

On September 20, 2005, the Court held a hearing on the issue of Enriquez Frias' competency to stand trial. Enriquez Frias expressed no objection to the United States' request to evaluate him,

but asked that it take place locally.  See Transcript of Hearing at 8:13-16 (taken September 20, 2005); Motion to Find Defendant Incompetent ¶ 5, at 2, filed September 7, 2005 (Doc. 167); Renewed Motion to Find Defendant Incompetent ("Renewed Motion") ¶ 1, at 1.  Enriquez Frias' counsel cited delays, language issues, and compliance with the statute's directive to evaluate him in the appropriate facility closest to the Court as grounds for requesting a local evaluation.  See Transcript of Hearing at 5:9-18, 6:1-7:1 (taken September 20, 2005).

The Court asked the United States to investigate the logistics of an evaluation by BOP.  See Transcript of Hearing at 10:14-20, 12:11-13:18.  On September 27, 2005, the Court reconvened the hearing.  The United States' represented that it could accomplish the evaluation without undue delay. See Letter from Erlinda Johnson to Kari Converse at 1-2 (dated September 22, 2005); Transcript of Hearing at 7:18-24 (taken September 27, 2005).  Specifically, the United States set out the following timetable, which indicated that Enriquez Frias' evaluation would commence in approximately a week: (i) Marshals send request for designation to BOP: Upon receipt of order; (ii) BOP sends designation to Marshals: 48-72 hours; and (iii) Marshals deliver client to designated facility:  3 days.  See Letter from Erlinda Johnson to Kari Converse at 1-2.  Based upon that representation, the Court ordered an evaluation at a BOP facility.  See Transcript of Hearing at 9:5-10:1 (taken September 27, 2005).

The Court filed its order at 6:50 p.m. on Friday, September 30, 2005, but the Clerk's Office did not enter it on the docket until October 3, 2005.  The order placed Enriquez Frias in the Attorney General's custody so that he could undergo a competency evaluation at the closest suitable facility, unless impracticable.  See Order at 2, filed September 30, 2005 (Doc. 189).  The Order stated that the Court committed Enriquez Frias to the Attorney General's custody for a reasonable period, not to exceed thirty days.  See id.

On October 5, 2005, Enriquez Frias' counsel asked the Marshals if a designation had been received, and the Marshals told her that they had not yet received the Court's order. See Renewed Motion ¶ 3, at 2. On approximately October 8th or 9th, the BOP facility in Fort Worth called the Court and asked if they could transfer Enriquez Frias to that facility. The Court orally approved such transfer.

On October 11th, Enriquez Frias' counsel again asked the Marshals if they had received a designation and was told that they had not yet received the Court's order. See Renewed Motion ¶ 3, at 2. On October12th, Enriquez Frias' counsel went to the courthouse, got a certified copy of the Court's order, and personally delivered it to the Marshals. See id. On Tuesday, November 15th, the Marshals called the Court's Courtroom Deputy and stated that Enriquez Frias' blood pressure was too high to move, and they represented that they would call counsel.

As of today, Enriquez Frias remains in custody in Albuquerque, and the Marshals have reportedly not received a designation from BOP yet. See Renewed Motion ¶ 4, at 2. They reportedly informed the United States that, assuming a designation arrives by November 17, Enriquez Frias would be sent to Oklahoma on that date, and in around fifteen days after that, would be sent to the designated facility. See id. There would presumably be a similar delay upon return. See id.

Pursuant to the time frames that the Marshals are currently providing, the soonest an evaluation of Enriquez Frias in a BOP facility would be completed would be approximately four months after the Court ordered the evaluation to be completed within thirty days. See id. Even if the Marshals once again agreed to a special transport, cutting one month off the projected time, it would still take approximately three months, from the time the Court ordered the evaluation, to complete the evaluation.

Enriquez Frias moves the Court to hold a hearing regarding the issue of his competency to stand trial. See id. at 1. Enriquez Frias requests the following relief: (i) that the Court convene a pretrial conference to discuss the next steps in this matter; (ii) that the Court declare Enriquez Frias incompetent and commit him to BOP custody for a four month evaluation pursuant to 18 U.S.C. § 4241(d)(1); or (iii) that the Court set this matter for hearing on the substantive issue of Enriquez Frias' competency, without allowing the United States additional time to conduct an evaluation. See id. at 2-3. As Enriquez Frias' counsel understands the United States' position, it does not oppose the Court convening a conference, but opposes the other relief that Enriquez Frias requests. See id. ¶ 6, at 3.

## LAW REGARDING INCOMPETENCY

Pursuant to 18 U.S.C. § 4241(a), once the issue of legal competency is raised,

> the Court . . . shall order . . . a hearing . . . if there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Prior to the date of the hearing the Court may order that a psychiatric or psychological examination of the defendant be conducted pursuant to 18 U.S.C. § 4247(b). 18 U.S.C. § 4241(d) provides that, if the court finds by a preponderance of the evidence that the defendant is incompetent to stand trial, then "the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility." 18 U.S.C. § 4241(d).

18 U.S.C. § 4247(b) provides:

> For the purposes of an examination pursuant to an order under section 4241 . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination

shall be conducted in the suitable facility closest to the court.  The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

## ANALYSIS

Permitting the BOP evaluation at this point will not accomplish the objectives of Congress' statute or the Court's clear directives.  On the other hand, the Court is not sufficiently informed to declare Enriquez Frias incompetent.  The best course is to set this matter for hearing on the substantive issue of Enriquez Frias' competency.  If the United States wants to a some local evaluation to prepare for this hearing, it will be able to do so.

**IT IS ORDERED** that the Renewed Motion to Find Defendant Incompetent is granted in part.  The Court will set this matter for hearing on the substantive issue of Enriquez Frias' competency.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
Erlinda O. Johnson
  Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kari Converse
Albuquerque, New Mexico

*Attorney for Defendant Juan Enriquez-Frias*