# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 05–484 JB

JUAN ENRIQUEZ FRIAS,

    Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on: (i) the Defendant Juan Enriquez Frias' Motion to Find Defendant Incompetent, filed September 7, 2005 (Doc. 167); and (ii) the United States' Response to Motion to Find Defendant Incompetent and Request for a Psychiatric Examination, filed September 7, 2005 (Doc. 168). The Court held an evidentiary hearing on Frias' motion and the United States' request on September 20, 2005, and on September 27, 2005. The primary issues are: (i) whether Frias is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and/or to assist properly in his defense; and (ii) whether the Court should commit Frias to the Attorney General's custody for evaluation pursuant to 18 U.S.C. § 4241(b) and § 4247(b).

The Court will designate an examiner pursuant to 18 U.S.C. § 4247(b). The Court will place Frias in the custody of the Attorney General for placement in a suitable facility that is closest to the Court, unless that is impracticable, to undergo further evaluation. The United States will promptly notify the Court of the facility, and the specific examiner or examiners it proposes, which will be the

facility and examiners unless Frias further objects.

## PROCEDURAL BACKGROUND

Unbeknownst to the United States and at the request of Frias' counsel, neuropsychologist Dr. Lidia Artiola has evaluated Frias. See Defendant Juan Enriquez Frias' Motion to Find Defendant Incompetent ("Motion to Find Incompetent") ¶ 1, at 1; United States' Response to Motion to Find Defendant Incompetent and Request for a Psychiatric Examination ("Response") at 1. Dr. Artiola has concluded that Frias "is unlikely to be able to assist his attorney in a meaningful manner." Report of Neuropsychological Examination at 12 (dated August 9, 2005)(November 18, 2005 hearing Exhibit B). Dr. Artiola states that Frias functions at the mentally retarded range, see id. at 13, that he attempted three times to complete the first grade but failed, see Report at 3, that the combination of extreme educational deprivation, head injury, and psychiatric compromise, which Frias has experienced, can cause "significant devastation in an individual's ability to understand the world around him," id. at 11, and that "he is likely to experience difficulty understanding the complexities of his legal situation and, even if he does, there is a high probability that he forgets what he is told," id. at 12. Frias' counsel agrees with the diagnosis and conclusions as a result of her personal experience with Frias and knowledge of his background. See Motion to Find Incompetent ¶ 2, at 1.

Frias' counsel moves the Court to hold a hearing to determine, pursuant to 18 U.S.C. § 4241(a), his competency to stand trial. See id. at 1. The assigned prosecutor, Assistant United States Attorney Erlinda Johnson, has requested that Frias' counsel approve an order for the Court to send Frias to a Bureau of Prisons ("BOP") facility for a second competency evaluation. See Response at 1. Frias opposes that request. See Motion to Find Incompetent ¶ 4, at 2.

Frias' counsel does not object to a second evaluation of Frias if it is performed locally. See

id. ¶ 5, at 2. Frias' counsel cited delays, language issues, and compliance with the statute's directive to evaluate him in the appropriate facility closest to the Court as grounds for requesting a local evaluation. See Transcript of Hearing at 5:9-18, 6:1-7:1 (taken September 20, 2005). Frias counsel asserts that she has learned from other CJA counsel that in some cases where a competency evaluation has been ordered, the BOP has sent defendants to facilities where they are held in county jail conditions for up to six months awaiting an evaluation, far from the District of New Mexico. See Motion to Find Incompetent ¶ 4, at 2. Frias counsel represents that she currently has a client whose competency evaluation was ordered in April, and such evaluation will not be completed until October. See Transcript of Hearing at 5:23-6:2 (taken September 20, 2005); Motion to Find Incompetent ¶ 4, at 2. He is being evaluated on the east coast, across the country from the District of New Mexico. See Transcript of Hearing at 6:1-5 (taken September 20, 2005); Motion to Find Incompetent ¶ 4, at 2. Frias argues that the evaluation can be conducted locally without the time and expense of transporting Frias to a remote location. See Motion to Find Incompetent ¶ 4, at 2.

In its response to Frias' motion, the United States requests a psychiatric examination that rule 12.2(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4247(b) contemplates, and a judicial determination of competency pursuant to 18 U.S.C. § 4244. See Response at 1. The United States requests an order from the Court to allow Frias to be sent to a facility that the BOP designates for a second psychiatric evaluation to assist in a determination of competency. See id.

## LAW REGARDING INCOMPETENCY

Pursuant to 18 U.S.C. § 4241(a), once the issue of legal competency is raised,

> the Court . . . shall order . . . a hearing . . . if there is a reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense. Before the date of the hearing, the Court may order that a psychiatric or psychological examination of the defendant be conducted pursuant to 18 U.S.C. § 4247(b). See 18 U.S.C. § 4241(b).

18 U.S.C. § 4241(d) provides that, if the court finds by a preponderance of the evidence that the defendant is incompetent to stand trial, then "the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility." 18 U.S.C. § 4241(d).

18 U.S.C. § 4247(b) provides:

> For the purposes of an examination pursuant to an order under section 4241 . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

## **ANALYSIS**

Before a competency hearing, the Court has the authority, pursuant to 18 U.S.C. § 4241(b) to order that a psychiatric or psychological examination of the defendant be conducted. Such examination is conducted pursuant to the provisions of 18 U.S.C. § 4247(b). See 18 U.S.C. § 4241(b).

At the September 20, 2005 hearing, the Court asked the United States to investigate the logistics of an evaluation by BOP and whether BOP could complete its evaluation within the statutory period. See Transcript of Hearing at 10:14-20, 12:11-13:18 (taken September 20, 2005). On September 27, 2005, the Court reconvened the hearing. The United States' represented that it could

accomplish the evaluation without undue delay and within the statutory period. See Letter from Erlinda Johnson to Kari Converse at 1-2 (dated September 22, 2005); Transcript of Hearing at 7:18-24 (taken September 27, 2005). Specifically, the United States set out the following timetable, which indicated that Frias' evaluation would commence in approximately a week: (i) Marshals send request for designation to BOP: Upon receipt of order; (ii) BOP sends designation to Marshals: 48-72 hours; and (iii) Marshals deliver client to designated facility: 3 days. See Letter from Erlinda Johnson to Kari Converse at 1-2.

With that assurance from the United States, the Court orders that Frias shall be placed in the custody of the Attorney General to undergo a competency evaluation at the closest suitable facility, unless impracticable. The Court will commit Frias to the Custody of the Attorney General for a reasonable period, not to exceed thirty days. The United States will promptly notify the Court of the facility, and the specific examiner or examiners it proposes, which will be the facility and examiners unless the Defendant further objects.[1]

**IT IS ORDERED** that Defendant shall be placed in the custody of the Attorney General to undergo a competency evaluation at the closest suitable facility, unless impracticable. The Defendant is committed to the custody of the Attorney General for a reasonable period, not to exceed thirty days.

---

[1] The Court entered an Order on this matter on September 30, 2005 (Doc. 30). In footnote 1 of that Order, the Court represented it might issue a memorandum opinion explaining the reason for its decision. This opinion more fully explains the Court's reasoning for its decision.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District of
    New Mexico
Erlinda Johnson
  Assistant United States Attorney for the District
    of New Mexico
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Kari Converse
Albuquerque, New Mexico

      *Attorney for Defendant Juan Enriquez Frias*